**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 13, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BOBBY VON ROGERS,

Defendant-Appellant.

No. 19-6083
(D.C. No. 5:18-CR-00222-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **CARSON**, **BALDOCK,** and **MURPHY**, Circuit Judges.[**]
_____

Defendant Bobby Von Rogers pled guilty to one count of being a felon in

possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Based on a total

offense level of 23 and a criminal history category IV, Defendant's guideline range

was 70 to 87 months imprisonment. Following a sentencing hearing, the district

court varied upwards and sentenced Defendant to the maximum term of 120 months

---

[*] This order and judgment is not binding precedent except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however,
for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument.

or ten years imprisonment. *See* 18 U.S.C. § 924(a)(2). In its statement of reasons, the court cited the following § 3553(a) factors: (1) the nature and circumstances of the offense, (2) the history and characteristics of Defendant, (3) the need to reflect the seriousness of the offense, to promote respect for the law and provide just punishment, and (4) the need to protect the public from further crimes of Defendant. 18 U.S.C. § 3553(a)(1), (2). Defendant now appeals his sentence as substantively unreasonable. Our jurisdiction arises under 18 U.S.C. § 3742(a). We review a substantive reasonableness challenge to a sentence under an abuse of discretion standard to determine whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a). *United States v. Blair*, 933 F.3d 1271, 1274 (10th Cir. 2019).

\* \* \*

Defendant, a previously convicted felon, has a long criminal history due in large part to drug and alcohol abuse. Defendant sustained upward of a dozen criminal convictions between 1999 and 2016. In the midst of a domestic dispute in April 2018, Defendant's wife called her mother to pick her and her children up from the house. When Defendant's mother-in-law attempted to leave the house with Defendant's wife and children, Defendant grabbed his wife's arm and swung her around in the front yard while she was holding their newborn son in the other arm. Obviously traumatized, Defendant's ten year old daughter ran away from the home.

2

(She was later located at a nearby residence visibly shaken and crying). When Defendant's mother-in-law attempted to intervene, Defendant grabbed her by the back of the neck and pushed her onto the hood of her car. Defendant pulled out a firearm, put the barrel to his mother-in-law's head and asked her "if she wanted to die." The women, the baby, and two other small children belonging to Defendant's wife fled the scene while calling 911. Officers subsequently located a 9mm pistol next to the fence of a nearby home. The firearm chamber was not loaded but an attached magazine was capable of holding sixteen rounds of ammunition. (The magazine actually held fifteen rounds). Both Defendant's wife and mother-in-law identified the firearm as being the one Defendant possessed.

Following a sentencing hearing at which the district court, among other things, heard the testimony of Defendant's mother-in-law and viewed body camera video footage from the responding officers, the court commented:

> Unfortunately, Mr. Rogers, you stand before me as a repeat offender, a violent repeat offender involving drugs, guns, and violence. I don't know how many times you have been convicted of either assault or battery or domestic violence or had protective orders entered against you. And then the night in question here, we're just lucky someone wasn't killed. Obviously, you had a gun and you pulled it on somebody and stuck it to their head. Just thank goodness that woman wasn't killed that night or we'd be here . . . in a much more serious situation than we are.
>
> I think—when considering 18 U.S.C. § 3553, I think primarily the public needs to be protected against you. I think . . . your children and the women that you associate with need to be protected from you, and I'm going to give you the maximum sentence because of that.

3

As noted, the district court in its statement of reasons for the maximum sentence also explained that three other § 3553(a) factors justified Defendant's sentence.

\* \* \*

On appeal, Defendant first asserts his sentence is unreasonable because the district court failed to consider the aggravating factors cited by the district court were already taken into account by the advisory sentencing guidelines. But we have observed on multiple occasions, most recently in 2018, that district courts have broad discretion to consider particular facts in fashioning a sentence under § 3553(a), even when those facts are already accounted for in the advisory guideline range. *United States v. Barnes*, 890 F.3d 910, 921 (10th Cir. 2018). Defendant's criminal history classification of Category IV, while indicative of the seriousness of Defendant's criminal history, did not capture the extent or severity of his prior criminal record, including his predilection for assaulting women with whom he had relationships. Similarly, the four level enhancement Defendant received pursuant to U.S.S.G. § 2K2.1(b)(6)(B) for using a firearm in connection with the offense of assaulting his mother-in-law with a deadly weapon did not fully capture the wholly unacceptable and outrageous conduct of the actual assault. The district court did not abuse its discretion in concluding that the nature and circumstances of the offense coupled with the history and characteristics of Defendant justified the upward variance.

Defendant also asserts the district court failed to consider whether the advisory guideline range overstated the seriousness of his offense. Specifically, Defendant says the enhanced base offense levels for large capacity magazines in U.S.S.G. § 2K2.1(a) is not based on "empirical data or national experience." Contrary to Defendant's assertion, however, the record reflects the court did consider this argument. Defendant raised this argument both in his sentencing memorandum and at his sentencing hearing. Prior to pronouncing sentence, the court stated that in determining the appropriate sentence, it had considered both the sentencing memorandum and the statements of Defendant's counsel. *See United States v. Morrison*, 771 F.3d 687, 693 (10th Cir. 2014) (district court has broad discretion to reject policy arguments at sentencing and although the court must state its reasons for a sentence the appropriateness of the brevity or length of such reasons depends upon the circumstances). Considering the record as a whole, we are satisfied the district court considered Defendant's argument that the guidelines overstated the seriousness of his offense because such guidelines accounted for the high capacity magazine, but concluded a combination of other factors outweighed this factor viewed in isolation, thereby justifying an upward variance.

Lastly, Defendant asserts the district court failed to adequately consider the circumstances of his upbringing and background. Such evidence certainly may mitigate the circumstances of an offense. But "[e]vidence of childhood trauma,

5

psychological issues, or youthful indiscretion is most powerful when accompanied by signs of recovery." *United States v. Lente*, 759 F.3d 1149, 1173 (10th Cir. 2014). The record in this case illustrates that over the years Defendant has shown little willingness to address his drug and alcohol problem and change his criminal behavior. *Id.* (recognizing mitigating evidence related to upbringing and background may be "double-edged" because it can also indicate a likelihood of recidivism). Accordingly, the district court was unwilling to give Defendant yet another opportunity to change his behavior apart from a lengthy term of imprisonment. The district court did not abuse its discretion in so deciding.

Accordingly, the judgment of the district court is AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge