FILED
United States Court of Appeals
Tenth Circuit

August 30, 2022

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE DE JESUS RANGEL-RANGEL,
a/k/a Jose de Jesus Rangel, a/k/a Jose Jesus
Rangel, a/k/a Jose D. Rangel,

Defendant - Appellant.

No. 21-1287
(D.C. No. 1:21-CR-00048-DDD-1)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **TYMKOVICH**, Chief Judge, **BALDOCK** and **CARSON**, Circuit Judges.

_____

Jose de Jesus Rangel-Rangel appeals from the district court's 51-month sentence

for illegal reentry after a felony conviction.  Exercising jurisdiction under 18 U.S.C.

§ 3742(a) and 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

BACKGROUND

Rangel-Rangel is a Mexican citizen.  In 1994, at the age of seventeen, he pled guilty in Arizona to a charge of aggravated assault for stabbing someone over a perceived racial slur.  He was sentenced as an adult to four years in prison and was deported to Mexico in January 1999.  He returned to the United States, however, after only a few hours and eventually settled in Colorado.  He obtained employment, got married, and had children.

In 2018, Rangel-Rangel again became involved in violent criminal activity.  In August, he fired a gun into an occupied apartment, and in December, he shot a man to death over a debt.  He pled guilty in Colorado state court to illegally discharging a firearm and second-degree murder, and he received three-year and twenty-year concurrent sentences.

The federal government discovered that Rangel-Rangel had re-entered the country, and it charged him with illegal reentry after a felony conviction (his 1994 Arizona aggravated assault), a violation of 8 U.S.C. § 1326(a), (b)(1).  Rangel-Rangel pled guilty.

At sentencing, the district court applied a sentencing guideline range of 51-63 months based on a criminal history category of III and an offense level of 22.  The court selected a 51-month sentence and ran it consecutive to his Colorado sentences.  The court explained that a concurrent sentence would effectively mean no federal punishment and that 51 months would "meet the purposes of sentencing laid out in [the] federal code." R., Vol. V at 50.  In doing so, the court acknowledged that Rangel-Rangel had been "a productive member of society" for "a long time" after his illegal reentry, *id.* at 51, that

2

he had suffered from substance-abuse issues, that he had been in the United States since he was just 40 days old, and that his inevitable removal was "itself a significant punishment," *id.* at 50. But the court believed a lesser sentence would not "promote respect for the law, deter [him] and others from committing crimes of this sort in the future, and avoid unnecessary sentencing disparities." *Id.* at 52. In particular, the district court noted the severity of his criminal conduct in "firing guns at other[s] or into places where other people were, including one that resulted in someone's death." *Id.* at 51.

Rangel-Rangel now appeals, arguing that his 51-month sentence is substantively unreasonable because the district court "put too much weight on" his violent criminal history and not enough weight on his mitigating factors. Aplt. Reply Br. at 2, 3.

## DISCUSSION
### I.  Standards of Review

We review the substantive reasonableness of a sentence for an abuse of discretion, "ask[ing] whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)."[1] *United States v. Williams*, 10 F.4th 965, 977 (10th Cir. 2021) (internal quotation marks omitted). We will reverse only if the sentence was "arbitrary, capricious, whimsical, or manifestly unreasonable," or if the district court "exceeded the bounds of permissible choice, given

---

[1] The § 3553(a) factors include:  the nature and circumstances of the offense and the defendant's history and characteristics; the need for a sentence to reflect the seriousness of the crime, deter future criminal conduct, protect the public from further crimes committed by the defendant, and provide rehabilitation; the sentences that are legally available; the Sentencing Guidelines; the Sentencing Commission's policy statements; the need to avoid unwarranted sentence disparities; and the need for restitution.  18 U.S.C. § 3553(a).

the facts and the applicable law in the case at hand." *United States v. DeRusse*, 859 F.3d 1232, 1236 (10th Cir. 2017) (internal quotation marks omitted).  In conducting our analysis, "[w]e do not reweigh the [§ 3553] sentencing factors but instead ask whether the sentence fell within the range of rationally available choices that facts and the law at issue can fairly support." *United States v. Blair*, 933 F.3d 1271, 1274 (10th Cir. 2019) (internal quotation marks omitted).

Finally, "a within-guideline-range sentence that the district court properly calculated is entitled to a rebuttable presumption of reasonableness on appeal." *United States v. Wireman*, 849 F.3d 956, 964 (10th Cir. 2017) (ellipsis and internal quotation marks omitted).

## II.  Substantive Reasonableness

Rangel-Rangel attempts to rebut the presumption that his within-guideline sentence is reasonable by first arguing that the district court relied too heavily on his 1994 conviction for aggravated assault.  He reasons that the "conviction is old, minor, the product of his difficult childhood, and was already counted" in determining his offense level and criminal-history category.  Aplt. Opening Br. at 9.[2]  We perceive no abuse of discretion in the district court's consideration of the 1994 conviction.

---

[2] On appeal, Rangel-Rangel does not challenge the calculation of his Guidelines sentencing range.  The issue is, therefore, waived.  *See United States v. Bowline*, 917 F.3d 1227, 1231 (10th Cir. 2019) ("The failure to raise an issue in an opening brief waives that issue." (internal quotation marks omitted)).

Specifically, Rangel-Rangel has not shown that the district court's application of any § 3553(a) factor to the conviction was arbitrary, capricious, whimsical, or manifestly unreasonable. During the sentencing hearing, when explaining the justification for a 51-month sentence, the court referenced the 1994 conviction as a "serious violent felony conviction" that prompted Rangel-Rangel's removal from the United States. R., Vol. V at 51. Contrary to Rangel-Rangel's assertion, his underlying criminal conduct was not "minor," as he stabbed a person in the rib cage for yelling a word that Rangel-Rangel mistakenly thought was a racial slur and then fled the scene. And although the Arizona sentencing court may have initially been lenient in imposing three years of probation for the stabbing, it later revoked that sentence and imposed a four-year term of imprisonment. On the other hand, the district court observed that after serving his Arizona sentence, Rangel-Rangel overcame his "difficult childhood" to become "a productive member of society" for "a long time." *Id.*

Thus, the district court balanced the serious nature of Rangel-Rangel's offense against the offense's age, his difficult childhood, and his subsequent lawful behavior. We must defer to a district court's reasonable balancing of § 3553(a) factors. *See United States v. Sells*, 541 F.3d 1227, 1239 (10th Cir. 2008) (stating that if "the balance struck by the district court among the factors set out in § 3553(a) is not arbitrary, capricious, or manifestly unreasonable, we must defer to that decision even if we would not have struck the same balance in the first instance").

Further, the fact that the 1994 conviction was relevant to Rangel-Rangel's offense level and criminal-history category does not preclude its additional consideration at the

5

§ 3553(a) stage. *See United States v. Barnes*, 890 F.3d 910, 915 (10th Cir. 2018) (noting

that "[w]hen determining a sentence, a court *must* consider the seven statutory factors set

forth in § 3553(a)," including the defendant's history and characteristics (emphasis

added)); *cf. United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1204 (10th Cir. 2007)

(observing that this court has "routinely upheld as reasonable the use of prior convictions

to calculate both the criminal history category and a sentence enhancement where . . . the

Guidelines authorize it").

Next, Rangel-Rangel attacks the district court's consideration of the § 3553(a)

factors in relation to his 2018 convictions for illegally discharging a firearm and

second-degree murder. He argues the convictions were mitigated by his addiction to

opioids. But the district court recognized his addiction and its negative impact on his life,

and it commented that he would have twenty years in state prison to get his addiction

under control. Rangel-Rangel seizes on that comment as showing his 2018 convictions

are entitled to "diminish[ed] . . . weight" and warrant "a shorter [federal] sentence." Aplt.

Opening Br. at 12. But we do not reweigh sentencing factors. *See Blair*, 933 F.3d

at 1274. Moreover, the likely success of addiction treatment would not obviate other

§ 3553(a) factors weighing in favor of a 51-month federal sentence. In particular, the

district court balanced Rangel-Rangel's addiction against his "very serious" conduct in

"firing guns at other[s] or into places where other people were, including one that

resulted in someone's death." R., Vol. V at 51. And the court went on to explain that

a 51-month sentence, consecutive to his Colorado sentences, would "promote respect for

the law, deter [Rangel-Rangel] and others from committing crimes of this sort in the future, and avoid unnecessary sentencing disparities." *Id.* at 52.

That Rangel-Rangel believes his Colorado sentences and future deportation are sufficient in themselves to deter future criminality and protect the public is not the test. Rather, we "ask whether the [district court's] sentence fell within the range of rationally available choices that facts and the law at issue can fairly support." *Blair*, 933 F.3d at 1274 (internal quotation marks omitted). And we conclude that the district court's 51-month sentence is a rationally available choice based on the § 3553(a) factors.[3]

Rangel-Rangel has not overcome the presumption that his within-guideline sentence was reasonable. And the district court did not abuse its discretion in sentencing him to 51-months' imprisonment.

## CONCLUSION

We affirm the district court's sentence.

Entered for the Court

Timothy M. Tymkovich
Chief Judge

---

[3] Rangel-Rangel argues that he was a productive citizen for years before committing the 2018 crimes and that his Colorado convictions were already counted in setting his offense level and criminal-history category. We have already noted that the district court considered Rangel-Rangel's lack of criminality following his Arizona conviction. And he provides no additional support for his argument that a district court abuses its discretion by considering during the § 3553(a) analysis convictions counted for guideline purposes. These arguments fail for the reasons we have already stated.