**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 22, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

JAMES STEVEN MAXWELL,

　　Defendant - Appellant.

No. 23-5068
(D.C. No. 4:10-CR-00190-GKF-1)
(N.D. Okla.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **BACHARACH**, **KELLY**, and **MORITZ**, Circuit Judges.[**]
_____

Defendant-Appellant James Steven Maxwell appeals from the district court's

denial of his motion for compassionate release, specifically his second motion to

reconsider.  18 U.S.C. § 3582(c)(1)(A).  We have jurisdiction under 28 U.S.C. § 1291

and we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

**Background**

In 2011, a jury convicted Mr. Maxwell of two counts of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1).  1 R. 21–22.  Due to his extensive criminal history, including nine prior felony convictions, 2 R. 836, Mr. Maxwell was classified as an armed career criminal subject to a 15-year mandatory minimum sentence under the Armed Career Criminal Act (ACCA).  18 U.S.C. § 924(e)(1); U.S.S.G. § 4B1.4; 2 R. 814, 825.  He was sentenced to 195 months' imprisonment.  1 R. 24.  We affirmed his conviction and sentence on direct appeal.  United States v. Maxwell, 492 F. App'x 860, 869 (10th Cir. 2012).  Mr. Maxwell later unsuccessfully sought relief under 28 U.S.C. § 2255 and Johnson v. United States, 576 U.S. 591 (2015), and we denied a certificate of appealability.  United States v. Maxwell, 743 F. App'x 255, 256–57 (10th Cir. 2018).

Mr. Maxwell advanced several arguments in support of compassionate release including concerns over COVID-19, his substantial rehabilitation and clear institutional conduct record, and that his sentence would be much lower now since the armed career criminal enhancement and mandatory minimum would no longer apply.  1 R. 79, 127–39, 150–57; 2 R. 48–54.  The district court denied his motion for compassionate release and his first motion to reconsider.  1 R. 123–26, 144–49.  On his second motion to reconsider, the district court found Mr. Maxwell's argument concerning the armed career criminal enhancement to be an "extraordinary and compelling reason" to reduce his sentence.  Id. at 163.  Nevertheless, in weighing the

2

18 U.S.C. § 3553(a) factors, the court concluded that Mr. Maxwell's extensive and serious criminal history justified his long sentence. Id. at 164–65.

On appeal, Mr. Maxwell argues that the court erred by improperly weighing the § 3553(a) factors — giving too much weight to his previous convictions and too little weight to his successful rehabilitation, good prison conduct, low recidivism scores, and eligibility for a lower sentence because of the mandatory minimum's inapplicability.[1] Aplt. Br. at 3–6. He also argues that the court erred in considering the first two factors without considering the remaining five, which he believes weigh in favor of compassionate release. Id. at 6–7.

**Discussion**

We review for abuse of discretion the district court's order denying relief on a § 3582(c)(1)(A) motion and any subsequent motions to reconsider. United States v. Hemmelgarn, 15 F.4th 1027, 1031 (10th Cir. 2021). Consistent with the language of

---

[1] The government urges us to reject Mr. Maxwell's claim as a successive § 2255 motion for which he could not obtain statutory authorization to file. 28 U.S.C. § 2255(h); Aplee. Br. at 13–14 & n.1. Mr. Maxwell questions whether it is possible for the § 3553 factors to weigh in favor of a sentence over the statutory maximum. Aplt. Br. at 7. We do not view his argument as requesting relief under § 2255. See United States v. Wesley, 60 F.4th 1277, 1288 (10th Cir. 2023) (prohibiting compassionate release motions that circumvent § 2255). In other words, Mr. Maxwell does not argue that his original sentence is erroneous. He argues only that he would have been sentenced differently today because Congress "made the relevant sentencing provisions more lenient." United States v. Robinson, No. 21-7065, 2023 WL 5607511, at *3 (10th Cir. Aug. 30, 2023). We have recognized the validity of these arguments when seeking compassionate release under § 3582(c)(1)(A). See id. (citing United States v. Maumau, 993 F.3d 821, 824 (10th Cir. 2021)).

§ 3582(c)(1)(A), a district court <u>may</u> reduce a sentence if (1) extraordinary and compelling reasons warrant the reduction; (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the district court considers any applicable § 3553(a) factors. <u>United States v. Maumau</u>, 993 F.3d 821, 831 (10th Cir. 2021). Mr. Maxwell challenges the district court's reasoning under step three.

The district court exercises discretion in weighing the § 3553(a) factors, so we cannot reverse without "a definite and firm conviction that [it] made a clear error of judgment[.]" <u>United States v. Hald</u>, 8 F.4th 932, 949 (10th Cir. 2021) (citation omitted). Here, the court weighed Mr. Maxwell's extensive criminal record heavily, finding that he "is a serial offender whose criminal exploits are interrupted only by imprisonment." 1 R. 165. And "despite his favorable institutional adjustment[,]" the court found Mr. Maxwell's criminal activity while under court-ordered conditions to be problematic when considering the danger of recidivism for public safety. <u>Id.</u> We agree — Mr. Maxwell spent most of his adult life incarcerated as he repeatedly committed offenses upon release from prison. <u>Id.</u> at 164–65; 2 R. 815–23.

As to Mr. Maxwell's argument regarding the then-mandatory minimum under the ACCA, the court properly considered his eligibility for a lower sentence as an "extraordinary and compelling reason" under the first part of the <u>Maumau</u> analysis. There is no requirement, however, that the court also factor this into its consideration under § 3553(a), and it properly focused on factors (a)(1) and (a)(2). The court "need not rely on every single factor[.]" <u>United States v. Rutland</u>, No. 22-8073, 2023 WL

4

3580141, at *4 (10th Cir. 2023) (quoting United States v. Barnes, 890 F.3d 910, 916 (10th Cir. 2018)).  Nor must it "afford equal weight" to each factor.  Id. (quoting United States v. Cookson, 922 F.3d 1079, 1094 (10th Cir. 2019)).

Mr. Maxwell urges us to find that his rehabilitation and good prison conduct outweigh the factors properly considered by the district court, citing the out-of-circuit case United States v. Salliey, No. RDB-10-0298, 2023 WL 1970491 (D. Md. Feb. 13, 2023).  Aplt. Br. at 4–6.  There, the court granted compassionate release despite the defendant's likely recidivism because his "nonviolent" record demonstrated substantial rehabilitation, and "his criminal history was not as troubling" as others that qualified for ACCA treatment.  Salliey, 2023 WL 1970491, at *4.  Here, Mr. Maxwell's record is far from nonviolent: in 1981 he assaulted two individuals with a knife, 2 R. 815, in 1982 he pointed a rifle at a female, id. at 816, in 1985 he stabbed yet another person, id., and in 1994 he assaulted a fellow inmate with a shank, id. at 820.

We understand Mr. Maxwell's violent convictions are more than 25 years old, but the district court bears the responsibility of weighing the risk Mr. Maxwell poses to the public.  It has properly done so while considering the other factors.

AFFIRMED.  We GRANT Mr. Maxwell's motion for leave to proceed in forma pauperis.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge