**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 14, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL NISSEN,

    Defendant - Appellant.

No. 21-2079
(D.C. No. 1:19-CR-00077-JB-SMV-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT***
_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.
_____

A jury convicted Michael Nissen of two counts of transmitting threats in

interstate commerce. After the trial, Nissen moved for a downward sentencing

variance.[1] He argued this was appropriate because he suffers from mental health

issues and is not violent. The district court rejected Nissen's request and imposed a

forty-one-month sentence and three years of supervised release. Nissen argues that

---

    * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [1] The Sentencing Guidelines provide an advisory sentencing range of 41–51 months of imprisonment for Nissen's convictions and criminal-history category.

the district court erred in denying his request because his sentence is substantially longer than necessary under 18 U.S.C. § 3553(a).

As Nissen acknowledges on appeal, we review a district court's denial of a motion for a downward sentencing variance for abuse of discretion. *See United States v. Barnes,* 890 F.3d 910, 915–16 (10th Cir. 2018). But while Nissen believes his sentence is excessive, there is no legal error in the district court's analysis under the relevant standard of review. *See United States v. Naramor*, 726 F.3d 1160, 1171–72 (10th Cir. 2013) (an abuse of discretion occurs if a sentence is "arbitrary, capricious, whimsical, or manifestly unreasonable"). At bottom, Nissen's sentence stems from the seriousness of his crimes: specific threats to shoot and kill law-enforcement officials. The district court considered his mental health issues and imposed a sentence at the low end of the Sentencing Guidelines' recommended range. The decision was within the district court's discretion. *See United States v. Ivory*, 532 F.3d 1095, 1107 (10th Cir. 2008) (a sentence within the Guidelines range is presumptively reasonable on appeal). Thus, exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's judgment.

Entered for the Court

Gregory A. Phillips
Circuit Judge

2