FILED
**United States Court of Appeals**
**Tenth Circuit**

**December 26, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RICARDO HERNANDEZ-PORTILLO,

    Defendant - Appellant.

No. 23-2059
(D.C. No. 2:22-CR-01296-MIS-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **MATHESON**, and **EID**, Circuit Judges.

_____

Ricardo Hernandez-Portillo pled guilty to illegal reentry into the United States. The district court sentenced him to sixty months' imprisonment, varying upward from the U.S. Sentencing Guidelines range of twenty-four to thirty months' imprisonment. Mr. Hernandez-Portillo appeals, arguing his sentence was substantively unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

Mr. Hernandez-Portillo is a seventy-year-old native and citizen of Honduras. He moved to the United States in 1974.  Between 1977 and 2000, Mr. Hernandez-Portillo was convicted of several state crimes including:  theft, burglary, assault, third-degree assault, using force against another, and first-degree negligent driving. During that period, he faced additional criminal charges that were either dismissed or where the disposition is unknown.[1]

In 2012, a Washington state court convicted him of felony child molestation. His victim was a six-year-old girl.  For that offense, he was sentenced to sixty-eight months to life in prison, a lifetime of community custody, and a lifetime of sex-offender registration.  He was released after ten years.  Upon his release in March 2022, Mr. Hernandez-Portillo was removed from the United States and returned to Honduras.

Three months later, in June 2022, he was arrested in New Mexico and pled guilty to illegal reentry.  *See* 8 U.S.C. § 1326(a)(1)–(2), (b)(2).  A presentence investigation report ("PSR") summarized Mr. Hernandez-Portillo's criminal history, setting his criminal history category at III and his total-offense level at fifteen.  Based on his offense level and criminal history category, the PSR found the Guidelines

---

[1] Mr. Hernandez-Portillo has no known criminal history from 2001 through 2011.  However, in June 2002, he was removed from the United States and returned to Honduras—it is unclear how long he stayed in Honduras or when he returned to the United States.

sentencing range was twenty-four to thirty months' imprisonment. The PSR also noted that the applicable statutory maximum sentence was twenty years' imprisonment. Neither party objected to the PSR.

Prior to the sentencing hearing, the district court advised the parties it was considering an upward variance and allowed them to file responses. For punishment, the government argued an upward variance to at least forty-eight months' imprisonment was appropriate, whereas Mr. Hernandez-Portillo opposed an upward variance and argued a sentence within the Guidelines range would be sufficient.

At sentencing, the district court adopted the PSR's factual findings and stated it had considered, inter alia, the sentencing factors under 18 U.S.C. § 3553(a), the sentencing memoranda, and the parties' arguments and filings. Ultimately, the district court sentenced Mr. Hernandez-Portillo to sixty months' imprisonment. He now appeals, challenging the sentence as substantively unreasonable.

## II. DISCUSSION

"We review a district court's sentencing decision for substantive reasonableness under an abuse-of-discretion standard . . . ." *United States v. Cookson*, 922 F.3d 1079, 1090 (10th Cir. 2019). This standard applies "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007).

We will reverse only if the sentence was "arbitrary, capricious, whimsical, or manifestly unreasonable," or if the district court "exceeded the bounds of permissible choice, given the facts and the applicable law in the case at hand." *United States v.*

3

*DeRusse*, 859 F.3d 1232, 1236 (10th Cir. 2017) (internal quotation marks omitted).  Our focus is on "whether the length of the sentence is reasonable given all the circumstances of the case in light of the [§ 3553(a)] factors."  *Cookson*, 922 F.3d at 1091 (internal quotation marks omitted).  Those factors are:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for a sentence to reflect the seriousness of the crime, deter future criminal conduct, protect the public, and provide rehabilitation; (3) the legally available sentences; (4) the Sentencing Guidelines; (5) the Sentencing Commission's policy statements; (6) the need to avoid unwarranted disparities among sentences; and (7) the need for restitution.  *See* 18 U.S.C. § 3553(a).

In conducting our analysis, "[w]e do not reweigh the sentencing factors but instead ask whether the sentence fell within the range of rationally available choices that facts and the law at issue can fairly support."  *United States v. Blair*, 933 F.3d 1271, 1274 (10th Cir. 2019) (internal quotation marks omitted).  And we will "uphold even substantial variances when the district court properly weighs the § 3553(a) factors and offers valid reasons for the chosen sentence."  *United States v. Barnes*, 890 F.3d 910, 916 (10th Cir. 2018); *see also Gall*, 552 U.S. at 51 (noting that the sentencing court "is in a superior position to find facts and judge their import under § 3553(a) in the individual case").

Mr. Hernandez-Portillo challenges his sentence as substantively unreasonable for four reasons, none of which is persuasive.  First, he emphasizes facts that he argues warrant a shorter sentence, including his advanced age and health issues, the

4

nature and circumstances underlying his illegal-reentry offense,[2] and that this was his first immigration conviction. Second, Mr. Hernandez-Portillo contends that the district court's reasoning does not fairly support the upward variance, suggesting the district court placed too much weight on his criminal history because the Guidelines already accounted for it. Third, he argues the Guidelines and related Sentencing Commission policy statements (regarding a defendant's age, physical condition, and criminal history category not adequately reflecting a defendant's criminal history) conflict with the upward variance. And fourth, Mr. Hernandez-Portillo asserts the variance creates an undue sentencing disparity.

In our view, his first three arguments amount to disagreement with the way the district court balanced the § 3553(a) factors and the facts of Mr. Hernandez-Portillo's case. And this court does not reweigh the sentencing factors. *Blair*, 933 F.3d at 1274. Moreover, "no algorithm exists that instructs the district judge how to combine the factors or what weight to put on each one," *Barnes*, 890 F.3d at 916, and "we will defer on substantive-reasonableness review not only to a district court's factual findings but also to its determinations of the weight to be afforded to such findings," *Cookson*, 922 F.3d at 1094 (internal quotation marks omitted).

---

[2] He asserts that approximately a month after his March 2022 removal to Honduras, his ninety-three-year-old mother's caretaker called and "told him he needed to come back right away if he wanted to see his mother again before she died." Aplt. Opening Br. at 2. He further explains that immigration officials arrested him without incident.

In rendering its sentencing decision, the district court referenced myriad considerations specific to Mr. Hernandez-Portillo and his crime. For example, the district court acknowledged that Mr. Hernandez-Portillo is seventy years old, that he suffers from various health issues, that his mother is elderly and in failing health, that this was his first immigration conviction, and that he may not have understood the consequences of returning to the United States.

Conversely, the court expressed concern about Mr. Hernandez-Portillo's lengthy criminal history, which involved violent conduct. Relatedly, it noted that he had multiple protective orders against him. The court was particularly concerned about the egregiousness of his 2012 conviction for felony child molestation, emphasizing that he sexually assaulted a six-year-old child. The court was also troubled that serving ten years' imprisonment and being subject to lifetime community supervision for the child sex crime was not sufficient deterrence for Mr. Hernandez Portillo to illegally reenter the United States only three months after his removal. Finally, the district court said that, given these aggravating factors, the sentence it imposed was necessary to protect the public, impart the seriousness of the offense, deter future criminal conduct, promote respect for the law, and provide just punishment for Mr. Hernandez-Portillo's crime.

The district court thoroughly supported its variance with detailed analysis and valid reasoning. *See Barnes*, 890 F.3d at 917 ("A sentence is more likely to be within the bounds of reasonable choice when the court has provided a cogent and reasonable explanation for it."). Additionally, the court had "broad discretion to

consider" Mr. Hernandez-Portillo's criminal history even though it was "already accounted for in the advisory guidelines range." *Id.* at 921 (internal quotation marks omitted). In fact, the Guidelines explicitly consider the possibility of upward variances when "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(a)(1).

Mr. Hernandez-Portillo's argument that policy statements contradict the upward variance is also unavailing. The court properly considered the mitigating factors discussed in the policy statements and determined that aggravating factors in his case outweighed them and necessitated the upward variance. *See Barnes*, 890 F.3d at 916; *Cookson*, 922 F.3d at 1094. Mr. Hernandez-Portillo's disagreement with the way the district court balanced the § 3553(a) factors with the facts of his case does not make his sentence substantively unreasonable.

Turning to the fourth argument, Mr. Hernandez-Portillo contends "[t]he upward variance created an unwarranted sentencing disparity between [himself] and defendants with similar records who have been found guilty of similar conduct." Aplt. Opening Br. at 18. In support, he cites data to compare his sentence to the average and median lengths of sentences imposed on others convicted of illegal reentry who shared his criminal history category and offense level—nineteen months and eighteen months, respectively—and notes that his sixty-month sentence "is more than triple the median." *Id.* at 20. Mr. Hernandez-Portillo further emphasizes that

sixty-one percent of the offenders in the comparison group received downward variances, while thirty-seven percent received sentences within the Guidelines range. Essentially, he argues that his sentence was substantively unreasonable because it was longer than those imposed in numerous other cases.  We remain unconvinced.

Significant sentencing disparity alone does not require reversal.  *See Barnes*, 890 F.3d at 916 (We will "uphold even substantial variances when the district court properly weighs the § 3553(a) factors and offers valid reasons for the chosen sentence.").  And although "similar offenders engaged in similar conduct should be sentenced equivalently, disparate sentences are allowed where the disparity is explicable by facts on the record." *United States v. Davis*, 437 F.3d 989, 997 (10th Cir. 2006) (internal quotation marks omitted).  After all, "consideration of unwarranted sentence disparities is but one factor that a district court must balance against the other § 3553(a) factors in arriving at an appropriate sentence." *United States v. Martinez*, 610 F.3d 1216, 1228 (10th Cir. 2010).  Here, the district court did not abuse its discretion when it afforded more weight to other factors and determined those factors warranted an above-Guidelines sentence.

In sum, Mr. Hernandez-Portillo has not demonstrated that the district court's sentence was "arbitrary, capricious, whimsical, or manifestly unreasonable," or that it "exceeded the bounds of permissible choice, given the facts and the applicable law in the case at hand." *DeRusse*, 859 F.3d at 1236 (internal quotation marks omitted).  We therefore hold the district court did not abuse its discretion when it imposed Mr. Hernandez-Portillo's sentence.

### III.  CONCLUSION

Under our deferential standard of review, Mr. Hernandez-Portillo has not demonstrated his sentence was substantively unreasonable.  We affirm the district court's judgment.

Entered for the Court


Allison H. Eid
Circuit Judge