**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**August 20, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES ALMOS-RUIZ,

    Defendant - Appellant.

No. 24-6013
(D.C. No. 5:23-CR-00335-D-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

James Almos-Ruiz pleaded guilty to illegal reentry into the United States. The district court sentenced him to 18 months' imprisonment, varying upward from the U.S. Sentencing Commission Guidelines range of 1 to 7 months. Mr. Almos-Ruiz appeals, arguing that his sentence was substantively unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

## I.    BACKGROUND

Mr. Almos-Ruiz, a citizen of Mexico, has been unlawfully present in the United States on several occasions. Nevertheless, he has been convicted of illegal entry only once prior to this conviction. But his criminal history in the United States goes beyond this illegal entry conviction. Mr. Almos-Ruiz has two prior DUI convictions from 2008 and 2009. Mr. Almos-Ruiz was convicted in 2019 of possession of cocaine and obstructing a police officer. And in 2023, Mr. Almos-Ruiz was convicted of placing a threatening/harassing phone call after leaving a threatening and profanity-laced voicemail with a former employer in which he claimed to have cartel connections and threatened to have the employer killed.

The offense conduct at issue here commenced with this 2023 conviction. Mr. Almos-Ruiz was given a deferred sentence for the threatening/harassing phone call conviction. He was then transferred to Oklahoma County, Oklahoma for an outstanding warrant on the 2019 conviction for cocaine possession and obstructing a police officer. While Mr. Almos-Ruiz was in custody, an Immigration and Customs Enforcement official determined he was unlawfully present in the United States. Mr. Almos-Ruiz was subsequently indicted on one count of illegal reentry pursuant to 8 U.S.C. § 1326(a) & (b)(1), to which he pleaded guilty on August 16, 2023. A Presentence Investigation Report ("PSR") set Mr. Almos-Ruiz's offense level at 6 and criminal history category at II. His Guidelines sentencing range was therefore 1 to 7 months.

The district court opened the sentencing hearing by informing the parties that it was considering an upward variance. The district court then heard the parties' arguments

and Mr. Almos-Ruiz's allocution. Mr. Almos-Ruiz argued that he has contributed to the community through his work as a roofer and that he has been providing for his family in Mexico. The district court responded that it did not "have any reason to doubt that [Mr. Almos-Ruiz] has worked hard while he's been in the United States [and has] been providing for and . . . saving for the well-being of his family in Mexico." ROA Vol. III at 12. However, the district court noted that Mr. Almos-Ruiz had been removed on six occasions, and although three of those removals were administrative, "there were also three more formal removals and a fairly significant criminal history, some of which was uncounted for purposes of the guidelines calculations." *Id.* The district court also made special reference to Mr. Almos-Ruiz's 2023 conviction for placing a threatening/harassing phone call, emphasizing that it was troubled by the words used in the voicemail message. The district court elaborated that "all of this [gave] rise to concerns in [its] mind of the need for specific deterrence for this defendant, the need to promote respect for the law, and the need to protect the public," forming the basis for the upward variance. *Id.* at 13.

In pronouncing the sentence, the district court cited the following facts:

> [Mr. Almos-Ruiz] is 40 years of age, is married, and has three minor children.
> [Mr. Almos-Ruiz] has been removed from the United States three times in the past, and those were the formal removals, as I mentioned. He

was removed the second time on 19 January 2019 and was removed again only 10 days later.

[Mr. Almos-Ruiz's] criminal history, while illegally in the United States, is concerning. He was convicted in 2008 for DUI, which involved a hit-and-run accident.

He was again convicted of DUI in 2009 at which time he presented an ID card with a fake name.

In 2019, he was convicted of possession of cocaine and again initially presented law enforcement with false identification.

Also, in 2019, he was convicted of illegal reentry and received a time-served sentence.

By the summer of 2020, he was back in the United States.

In 2023, [Mr. Almos-Ruiz] was convicted of placing threatening and harassing phone calls for which he received a deferred sentence. The nature of the threatening language, as reflected in the presentence report, was extreme.

*Id.* at 14–15.

The district court sentenced Mr. Almos-Ruiz to 18 months in prison, with no term of supervised release to follow. Mr. Almos-Ruiz now appeals, challenging his sentence as substantively unreasonable.

## II.    DISCUSSION

We review the substantive reasonableness of a sentence for an abuse of discretion. *United States v. Williams*, 10 F.4th 965, 977 (10th Cir. 2021). In conducing this review, we consider "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *Id.* (quotation marks omitted). This standard applies "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Under 18 U.S.C. § 3553(a), sentencing courts must consider seven factors in fashioning an appropriate sentence: (1) "the nature and circumstances of the offense and

4

the history and characteristics of the defendant;" (2) "the need for the sentence imposed" (A) "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," (B) "to afford adequate deterrence to criminal conduct," (C) "to protect the public from further crimes of the defendant," and (D) "to provide the defendant with needed . . . treatment;" (3) "the kinds of sentences available;" (4) "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines;" (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (7) "the need to provide restitution to any victims of the offense."

When imposing sentences, district courts are required to "engage in a holistic inquiry of the § 3553(a) factors," *United States v. Lente*, 759 F.3d 1149, 1174 (10th Cir. 2014) (quotation marks omitted), and to "consider every convicted person as an individual," *Gall*, 552 U.S. at 52 (quoting *Koon v. United States*, 518 U.S. 81, 113 (1996)). "[T]he district court need not afford equal weight to each § 3553(a) factor, and we will defer on substantive-reasonableness review not only to a district court's factual findings but also to its determinations of the weight to be afforded to such findings." *United States v. Cookson*, 922 F.3d 1079, 1094 (10th Cir. 2019) (citation and internal quotation marks omitted). Furthermore, "[w]e do not reweigh the sentencing factors but instead ask whether the sentence fell within the range of rationally available choices that facts and the law at issue can fairly support." *United States v. Blair*, 933 F.3d 1271, 1274

5

(10th Cir. 2019) (internal quotation marks omitted). "Thus, as long as the balance struck by the district court among the factors set out in § 3553(a) is not arbitrary, capricious, or manifestly unreasonable, we must defer to that decision even if we would not have struck the same balance in the first instance." *United States v. Sells*, 541 F.3d 1227, 1239 (10th Cir. 2008).

Mr. Almos-Ruiz first argues the district court "unduly relied" on the following § 3553(a) factors: specific deterrence, the need to promote respect for the law, and the need to protect the public. Appellant's Br. at 12. Mr. Almos-Ruiz further alleges that "[t]he district court's comments do not address the arguments that his history and characteristics counseled for a sentence within the advisory guideline range." *Id.* at 13. But on appellate review, "[w]e do not reweigh the sentencing factors but instead ask whether the sentence fell within the range of rationally available choices that facts and the law at issue can fairly support." *Blair*, 933 F.3d at 1274 (internal quotation marks omitted). And furthermore, we see no error in how the district court weighed the relevant sentencing factors. The district court's acknowledgement of the positive contributions Mr. Almos-Ruiz made in the United States and for his family, followed by the discussion of its concerns about Mr. Almos-Ruiz's criminal history, reflects its proper holistic consideration of all relevant factors and facts before deciding that specific deterrence, the need to promote respect for the law, and the need to protect the public warranted greater weight in this circumstance. Mr. Almos-Ruiz points to no aspect of the district court's pronouncement of sentence suggesting that any relevant factors were not considered, nor does he point to any facts before

6

the district court that it supposedly failed to address. The district court did not abuse its discretion in how it weighed the § 3553(a) factors, considering the facts before it. *See id.*; *Sells*, 541 F.3d at 1239.

Mr. Almos-Ruiz next claims the district court's "emphasis on [his] criminal history was overblown," noting that his DUI conviction occurred in 2008 and that he had no interactions with law enforcement between 2009 and 2019. Appellant's Br. at 14. Mr. Almos-Ruiz also emphasizes that "[t]he [2023 threatening/harassing phone call conviction] was resolved with probation and there was no indication actual harm was intended over a business dispute." *Id.* But for purposes of sentencing, "[n]o limitation should be placed on the information [a court may consider] concerning the background, character, and conduct of a person." *United States v. Mateo*, 471 F.3d 1162, 1167 (10th Cir. 2006) (first alteration in original) (internal quotation marks omitted). In fact, besides the conviction itself, we require sentencing courts to "carefully consider the facts contained in the PSR when evaluating the § 3553(a) sentencing factors," including the underlying facts of prior arrests and convictions. *Id.* Even the Guidelines explicitly consider the possibility of upward variances when "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(a)(1). The PSR reflected both the length of time between convictions and the nature of the convictions comprising Mr. Almos-Ruiz's criminal history. The district court's focus

7

on the nature of the convictions as reflected in the PSR is entitled to deference. *See Mateo*, 471 F.3d at 1167.

Lastly, Mr. Almos-Ruiz asserts "[t]he district court stated it did not believe the advisory guideline range adequately addressed Mr. Almos-Ruiz's conduct, but it similarly failed to explain how a sentence of 18 months achieved such goals." Appellant's Br. At 12. Mr. Almos-Ruiz similarly argues that "the district court failed to explicitly connect the [§] 3553(a) factors to the facts of the case to explain why they supported such a significant upward variance." *Id.* at 13. But when a district court decides to vary, it "properly engages in [the § 3553(a)] inquiry when it bases its decision on specific, articulable facts supporting the variance and does not employ an impermissible methodology or rely on facts that would make the decision out of bounds." *United States v. Barnes*, 890 F.3d 910, 916 (10th Cir. 2018). It is true that "[a] 'major' variance should have 'a more significant justification than a minor one.'" *Lente*, 759 F.3d at 1158 (quoting *Gall*, 552 U.S. at 50). But the Supreme Court has made clear that while we may "take the degree of variance into account" in reviewing the reasonableness of a sentence outside the Guidelines range, we may not "use[] the percentage of a departure as the standard for determining the strength of the justifications required" or create a "presumption of unreasonableness for sentences outside the Guidelines range." *Gall*, 552 U.S. at 47. In fact, we "uphold even substantial variances when the district court properly weighs the § 3553(a) factors and offers valid reasons for the chosen sentence." *Gross*, 44 F.4th at 1304 (quotation marks omitted). As we have already established, by acknowledging the

8

positive contributions Mr. Almos-Ruiz has made in the United States and then detailing its concerns about Mr. Almos-Ruiz's criminal history, connecting these facts to the § 3553(a) factors, addressing all material facts before it, and relying on no facts outside the bounds of the sentencing determination, the district court adequately explained why it sentenced Mr. Almos-Ruiz to 18 months rather than to a Guidelines sentence of 1 to 7 months. The district court was not required to do anything more. *See id.*

The district court properly explained its decision to vary upward and based that decision on appropriate consideration of the § 3553(a) factors. Its weighing of those factors and resulting sentencing decision was substantively reasonable.

### III.   CONCLUSION

Because we conclude the district court did not abuse its discretion, we AFFIRM Mr. Almos-Ruiz's sentence.

Entered for the Court

Carolyn B. McHugh
Circuit Judge