**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 1, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RODNEY JOE SHELTON,

    Defendant - Appellant.

No. 24-6100
(D.C. No. 5:23-CR-00513-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Rodney Joe Shelton (Defendant) challenges the substantive reasonableness of his sentence. The district court varied upward from Defendant's Sentencing Guidelines range of 77 to 96 months' imprisonment and imposed a sentence of 132 months. Exercising jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, we affirm the upward variance.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    BACKGROUND

On June 18, 2023, law enforcement responded to a call regarding a domestic disturbance. Andrea Bolles, Defendant's former partner and the mother of his child, was visiting a friend's home. Bolles had obtained an emergency order of protection against Defendant, which prohibited him from having any contact with her. Defendant had come to the home and started walking back and forth outside, making threats and harassing Bolles. In video recorded by witnesses, Defendant said, "I told that bitch to stop [f***ing] with me for real . . . That bitch keep playing . . . Trying get y'all killed, too." R., Vol. II at 9 (ellipses in original). Officers placed him under arrest for violating the protective order. He was carrying a chamber-loaded .40 caliber pistol with an obliterated serial number.

Defendant was charged in the United States District Court for the Western District of Oklahoma with being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). This was far from Defendant's first offense. He had 12 prior criminal convictions for offenses ranging from protective-order violations to armed robbery to assault and battery. Five separate people had obtained protective orders against him since 2006. Moreover, according to his Oklahoma Department of Corrections records he has had 13 prison misconduct incidents, including battery, weapons possession, and setting a fire. As the presentence report (PSR) notes, Defendant's "history of repeated violent conduct appears somewhat more severe than the average defendant with a category VI criminal history." R., Vol. II at 33. While he "has served three prior terms of imprisonment, he has persisted in his criminal endeavors." *Id.*

2

Defendant pleaded guilty to the felon-in-possession charge. Based on his total offense level of 21 and his criminal-history category of VI, the PSR calculated a guidelines range of 77 to 96 months' imprisonment.

Adopting the unchallenged findings in the PSR, the district court varied upward and sentenced Defendant to 132 months in prison. It first acknowledged that it was "required to take into account the factors set forth in [18 U.S.C. § 3553(a)] for the purpose of determining what sentence is sufficient but not greater than necessary to achieve the statutory objectives of sentencing." *Id.*, Vol. III at 25. The court then began its analysis by considering "the nature and circumstances of the offense." *Id.* It said that "a conviction for felon in possession of a firearm is really kind of a blank slate on which the rest of the story is written." *Id.*

"The rest of the story," said the court, "includes the history and characteristics of [Defendant]." *Id.* at 26. It recognized that Defendant had experienced a "turbulent" and "troubled" childhood. *Id.* (internal quotation marks omitted). But although these past challenges "explain[ed] how we got here," they did not "excuse how we got here." *Id.* at 28. The court could not overlook Defendant's "very serious criminal history." *Id.* at 26. Since Defendant had "shown for a goodly number of years that he [was] not deterred by the threat of incarceration," the court thought it important to "protect[] . . . the public from further crimes of [Defendant]." *Id.* at 27. It observed that "there's more than one way to get to a Criminal History Category of VI," and Defendant got himself there "in a chilling way that makes me fear for the lives of other people." *Id.* at 28. After noting the § 3553(a) considerations of "respect for the

3

law," "just punishment," and "deterrence," *id.* at 26–27, the court explained "that incapacitation is head and shoulders the most prominent sentencing factor that influences my sentencing decision," *id.* at 29. It concluded that "the guidelines do not adequately account for the physical danger to other people that [Defendant] represents." *Id.*

## II. DISCUSSION

Defendant argues on appeal that his sentence is substantively unreasonable. "We review a district court's sentencing decision for substantive reasonableness under an abuse-of-discretion standard." *United States v. Crosby*, 119 F.4th 1239, 1246 (10th Cir. 2024) (internal quotation marks omitted). In performing our analysis, "we do not apply a presumption of unreasonableness to sentences outside the guidelines range." *Id.* (internal quotation marks omitted). And because "[t]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case," we "give substantial deference to the district court's weighing of these factors." *United States v. Barnes*, 890 F.3d 910, 915–16 (10th Cir. 2018) (internal quotation marks omitted). "A district court abuses its sentencing discretion only if the sentence exceeded the bounds of permissible choice." *Id.* at 915 (internal quotation marks omitted).

The "sentencing court must consider" the factors laid out in 18 U.S.C. § 3553(a) "when imposing sentence." *United States v. Lewis,* 594 F.3d 1270, 1277 (10th Cir. 2010). Defendant's argument on appeal focuses on one of these factors: "the need to avoid unwarranted sentence disparities among defendants with similar

4

records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). He claims that because the court did not specifically address § 3553(a)(6) at the sentencing hearing, his sentence is substantively unreasonable.

We are not persuaded. Granted, a sentence may be substantively unreasonable "where the district court placed nearly exclusive focus on one § 3553(a) factor and did not explain the weight afforded to other factors, preventing us from deferring to its determination that the sentence was supported by all the § 3553(a) factors." *Crosby*, 119 F.4th at 1248 (internal quotation marks omitted). But in reviewing substantive-reasonableness challenges, we have consistently held that a "court need not rely on every single [§ 3553(a)] factor—no algorithm exists that instructs the district judge how to combine the factors or what weight to put on each one." *Barnes*, 890 F.3d at 916.

With this standard in mind, the district court's extensive explanation of its sentence was more than enough to justify the substantive reasonableness of the sentence imposed. It explicitly noted four of the relevant sentencing factors: § 3553(a)(1), the nature and circumstances of the offense and the history and characteristics of the defendant; § 3553(a)(2)(A), the need for the sentence to promote respect for the rule of law and provide just punishment; § 3553(a)(2)(B), the need for the sentence to afford adequate deterrence; and § 3553(a)(2)(C), the need for the sentence to protect the public from further crimes. And it permissibly focused on Defendant's extensive and violent criminal history and his failure to be deterred by incarceration in the past in imposing an above-guidelines sentence. *See United States*

*v. Valdez*, 128 F.4th 1314, 1318 (10th Cir. 2025) ("[A] court may vary upward based on recent and serious criminal conduct" because "the Guidelines do not necessarily take into account the trends of a defendant's criminal conduct, either in terms of the recency or seriousness of that criminal conduct." (internal quotation marks omitted)).

Defendant's sentence is not substantively unreasonable merely because the court did not expound upon sentencing disparities during the sentencing hearing. "The sentencing court is not required to recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider." *United States v. Gantt*, 679 F.3d 1240, 1249 (10th Cir. 2012) (ellipses and internal quotation marks omitted). Indeed, "[e]ven when the sentencing court varies from the guidelines, it need not explicitly discuss each of the § 3553(a) factors. Only when a party raises a material, nonfrivolous argument regarding a factor does procedural reasonableness require a response from the court." *Id.* (internal quotation marks omitted). Defendant's sentencing memorandum did not include a disparity argument, nor did he make any such argument at the sentencing hearing except insofar as he requested a within-guidelines sentence. Moreover, a sentencing court need not explicitly address the need to avoid sentencing disparities where, as here, the "District Judge correctly calculated and carefully reviewed the Guidelines range." *Gall v. United States*, 552 U.S. 38, 54 (2007). In that circumstance, the judge "necessarily gave significant weight and consideration to the need to avoid unwarranted disparities" because "avoidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges." *Id.*

6

The authority relied on by Defendant is inapposite. Our unpublished decision in *United States v. Drakes*, No. 23-3152, 2024 WL 3935017, at \*4–5 (10th Cir. Aug. 26, 2024), reversed and remanded for resentencing because the judge's rationale for imposing an upward variance was unclear. In this case, however, we know exactly why the court varied upwards. And in *United States v. Allen*, 488 F.3d 1244, 1259, 1262 (10th Cir. 2007), we reversed because the court based its sentence almost exclusively on misconduct that had never been charged and in large part was only contemplated by the defendant. Defendant's numerous prior convictions stand in sharp contrast.

Finally, Defendant complains that the district court did not give adequate weight to his mental-health struggles and his troubled childhood. He contends that the court considered the need to protect the public "to the exclusion of virtually all other [§ 3553(a)] factors." Aplt. Br. at 17. But the court repeatedly noted Defendant's personal problems and decided that they could not justify a lighter sentence. We cannot reweigh the sentencing factors on appeal. *See United States v. Lawless*, 979 F.3d 849, 856 (10th Cir. 2020) (declining defendant's invitation to "reweigh the district court's balancing of the § 3553(a) factors" because "reweighing the factors is beyond the ambit of our review").

We hold that the district court did not abuse its discretion in imposing its above-guidelines sentence.

## III.    CONCLUSION

We **AFFIRM** Defendant's sentence.

Entered for the Court


Harris L Hartz
Circuit Judge