**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 27, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMEL DEMARIO SAUNDERS,

    Defendant - Appellant.

No. 25-6089
(D.C. No. 5:24-CR-00429-HE-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Jamel Saunders pleaded guilty to a one-count indictment alleging possession

of a firearm by a person with a prior misdemeanor conviction for domestic violence.

*See* 18 U.S.C. § 922(g)(9).  The district court sentenced him to twenty-one months'

imprisonment.  He appeals, arguing this sentence was substantively unreasonable.

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we

affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

## BACKGROUND

The grand jury returned its indictment after an incident in which police were dispatched to Saunders's home on reports he threatened to kill his girlfriend, T.C., with a shotgun.  Police found a 12-gauge sawed-off shotgun and several shells when they searched Saunders's apartment.  Saunders already had a conviction for misdemeanor domestic violence.  The victim in that case was also T.C.

After Saunders pleaded guilty, the probation department prepared a presentence investigation report (PSR).  Based on Saunders's criminal history score and offense level, the PSR initially determined an advisory range of 27 to 33 months' imprisonment under the United States Sentencing Guidelines.  The district court, though, sustained Saunders's various objections to the PSR and calculated an applicable guideline range of 15 to 21 months' imprisonment.

The court then asked if there was "any disagreement that that would be the advisory recommendation in this case," and Saunders's counsel, after confirming the range, stated he had "[n]o more objections."  R. vol. 3 at 27.  In determining its sentence, the court found the nature and circumstances of the offense were more severe because T.C. was the victim in both the prior domestic violence conviction and the instant offense.  *See* 18 U.S.C. § 3553(a)(1).  The court also found several prior instances in which T.C. had sought a protective order to be circumstances supporting a longer sentence.  *See id.*  This, and other incidents, evidenced "a history here of serious conduct on the part of [Saunders] over and above the immediate offense."  R. vol. 3 at 42.  The court sentenced Saunders to 21 months' imprisonment

2

in light of the factors set forth in 18 U.S.C. § 3553(a).  The court then recessed the sentencing hearing.

> Just over ninety minutes later, the court re-called the case because
>
> [a]fter [the court] recessed the sentencing hearing earlier this afternoon, probation was working on the matter and came to the conclusion that the guideline calculation, in light of the objection that [the court] sustained and based on the cross-references and so on that are involved in the particular circumstances here, that the guideline range was different than what [the parties] had proceeded on the basis of.

R. vol. 3 at 50.  The probation department informed the district court it had earlier miscalculated the applicable range, and that the actual guideline range was 12 to 18 months' imprisonment, not 15 to 21.

In light of the corrected guideline calculation, the court allowed the parties to make a record.  *See id.* at 52 ("If somebody wants to try to convince me that we need to change the sentence based on that, this would be the time.").  Saunders's counsel responded that his earlier arguments in favor of a 12-month sentence were "now a guideline request, as compared to . . . a downward variance" and also stated, "I think if the Court is looking at changing the sentence, I think it should highly consider 18 months . . . ."  *Id.*  The government argued for either the original, 21-month sentence or an 18-month sentence in light of the corrected guideline range.

After hearing from both sides, the district court concluded "the sentence as originally imposed is the appropriate place to land . . . .  The difference is it now becomes an upward variance, rather than a guideline sentence, but I'm not

otherwise going to adjust it." *Id.* at 56. It therefore reimposed a 21-month sentence. This appeal followed.

## DISCUSSION

"We review the substantive reasonableness of a sentence for abuse of discretion." *United States v. Kaspereit*, 994 F.3d 1202, 1207 (10th Cir. 2021). "A district court abuses its sentencing discretion only if the sentence exceeded the bounds of permissible choice." *United States v. Barnes*, 890 F.3d 910, 915 (10th Cir. 2018) (internal quotation marks omitted). Under this standard of review, "we will give substantial deference to the district court's determination and overturn a sentence as substantively unreasonable only if it is arbitrary, capricious, whimsical, or manifestly unjust." *Kaspereit*, 994 F.3d at 1207.

Where, as here, a sentence involves a variance from the range set out in the applicable sentencing guidelines, "we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008) (internal quotation marks omitted). Our review does not permit us "to decide de novo whether the justification for a variance is sufficient or the sentence reasonable, and we must therefore defer not only to a district court's factual findings but also to its determinations of the weight to be afforded to such findings." *Id.* (internal quotation marks omitted).

On appeal, Saunders characterizes various adverse findings and conclusions of the district court as "whimsical," and thus subject to reversal for abuse of discretion. *See* Aplt. Opening Br. at 13–14 (contending identity of victim across offenses is

4

"whimsical and arbitrary" basis for variant sentence); *id.* at 15 ("[Saunders] challenges the reasonableness and the whimsical nature" of the district court's inference of violent conduct from T.C.'s protective-order filings and 9-1-1 calls). He also argues the court's concern with "the issue of anger management and the context of" a prior incident involving his brandishing a firearm at a McDonald's restaurant, "[w]hile certainly relevant," ought to have weighed in favor of a lesser sentence. *Id.* at 16. Finally, he contends the court did not sufficiently weigh in his favor certain "very promising aspects" of his life, such as his educational attainment, amenability to rehabilitation, and vocational skills. *Id.*

These arguments, though, do not demonstrate an abuse of discretion. The district court identified specific § 3553(a) grounds for its sentence, including the repeated pattern of conduct against the same victim, T.C.'s protective-order filings, and Saunders's history of serious conduct. Saunders's disagreement with how the district court weighed these circumstances does not, without more, render his sentence unreasonable. *See United States v. Peña*, 963 F.3d 1016, 1026 (10th Cir. 2020) ("While Mr. Peña may disagree with the district court as to the dangerousness of his conduct, this does not make his sentence substantively unreasonable.").

Nor does the corrected guideline calculation—which transformed the sentence from a within-guidelines sentence into an upward variance—alter this conclusion. The court's § 3553(a) findings supported the 21-month sentence independently of the specific guideline range, and we owe "due deference" to its assessment that those

5

factors, "on a whole, justify the extent of the variance." *Smart*, 518 F.3d at 808.

Even if the district court *could* have adopted the more favorable gloss on Saunders's

circumstances his counsel urged, its decision not to do so did not "exceed[] the

bounds of permissible choice" available to it. *Barnes*, 890 F.3d at 915.

## CONCLUSION

We affirm the judgment of the district court.

Entered for the Court

Nancy L. Moritz
Circuit Judge