FILED
**United States Court of Appeals**
**Tenth Circuit**

**February 2, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEFFREY D. PIERCE,

Defendant - Appellant.

No. 22-3188
(D.C. No. 5:20-CR-40068-TC-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

## I.     Introduction

While serving as a high school teacher and coach in Topeka, Kansas, Jeffrey

Pierce undertook an extensive online scheme to solicit explicit material from minors.

Upon discovery of his conduct, investigators identified several dozen victims, many

of whom were students at Pierce's school. Following a twelve-count superseding

indictment, Pierce pleaded guilty to one count of child pornography production

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

pursuant to a plea agreement. At sentencing, the district court characterized the case as "exceptional," in large part because Pierce leveraged his position as a teacher to access and target victims. In turn, the court adopted the recommended, within-guidelines sentence of 360 months' imprisonment. On appeal, Pierce challenges this sentence as substantively unreasonable and improperly founded on the notion he abused a position of trust. We conclude the district court did not abuse its discretion in evaluating the 18 U.S.C. § 3553(a) factors to reach its sentencing determination. Thus, exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we **affirm** the district court's sentence.

## II.     Background

### a.  Factual History

For nearly a decade, Pierce worked as a history teacher and coach at Seaman High School in Topeka. Beginning in 2015, he started conducting an online scheme to solicit sexually explicit material from underage teens. Pierce would pose as a teenage girl and follow minors on Instagram or Snapchat using aliases such as "Addie," "Kennedy," or "Jordan." Shortly after making a connection, typically with high school-aged boys residing in eastern Kansas, Pierce would begin sending explicit photos of an unidentified woman and requesting photos in return. Several targets engaged Pierce, returning his messages with explicit content of themselves. Pierce regularly used detailed instructions when making requests and occasionally threatened his victims if they did not comply.

Pierce's online abuse was revealed in 2020, when the mother of a then-14-year-old reported to authorities that her son had been contacted by a suspicious Instagram profile with the username "Addie8651." The account user appeared to be a high school girl living in Kansas and was followed by nearly 2,000 other accounts, many of which also belonged to juveniles living in Kansas. After discussing the account with his friends, the boy discovered the same user had solicited explicit images from two of his friends. One friend had responded to the account's requests with sexually explicit content of himself. After the friend stopped sending photos, Addie8651 began threatening him. The user attempted to blackmail the boy, suggesting they would distribute the photos he already sent if he did not supply more. The profile also tried to persuade the victim to encourage his friends to pass along sexually explicit content of themselves.

FBI investigators tracked the Instagram account to a phone number registered to Pierce. Further investigation yielded the same number was associated with several other social media accounts engaged in illicit underage solicitation. Authorities conducted a search of Pierce's home and work electronic devices, which uncovered nearly 16,000 images and 3,000 videos of child pornography. Included in this discovery were several photos taken of boys changing in the Seaman High locker room. Given the photos' perspective, it was determined they were clandestinely taken from the coaches' office next door. Pierce's phone history also revealed he contacted Seaman High students through the dating app Grindr and had sex with one student

3

while he still attended the school. In total, authorities identified eighty-one discrete victims of Pierce's abuse.

Investigation also exposed a broad set of tactics used by Pierce to abuse his victims. He tried to blackmail students and on multiple occasions actually distributed minors' pictures he previously received to other teens. The record also indicates Pierce attempted to capitalize on students' personal vulnerabilities. One victim reported being solicited by one of Pierce's accounts shortly after confiding in him that he recently had a bad breakup. The mother of two other victims reported her sons were contacted by Pierce following her disclosure to him that the children's father had recently passed away. In other instances, Pierce attempted to insert himself into his scheme by directly propositioning his victims to meet with a "married male" or "friend" named Jeff for sex. In turn, victims reported significant harm based on Pierce's actions. In particular, those victims who were students at Seaman High School felt deeply betrayed, and one student reported attempting suicide in part as a result of Pierce's conduct.

### b. Procedural History

A grand jury returned a twelve-count superseding indictment charging Pierce with nine counts of child pornography production in violation of 18 U.S.C. § 2251(a); one count of child pornography distribution in violation of 18 U.S.C. § 2252(a)(2) and (b); one count of child pornography possession in violation of 18 U.S.C. § 2252(a)(4)(b); and one count of coercion and enticement in violation of 18 U.S.C. § 2422(b). Pursuant to a plea agreement, Pierce pleaded guilty to one count of

child pornography production. The government agreed to dismiss the remaining counts after sentencing and recommend a reduction for acceptance of responsibility. The conduct charged in the dismissed counts, however, remained relevant under U.S.S.G. § 1B1.3 for the purpose of calculating Pierce's total offense level. The presentence investigation report set his offense level at 42, which resulted in a recommended term of imprisonment of 360 months to life. The statutory maximum for the offense capped the term at 360 months.

At sentencing, the district court adopted the recommended 360-month sentence. In conducting its § 3553(a) sentencing factor analysis, the court determined the scope of Pierce's scheme qualified it as "an exceptional case" in which "[o]nly a fraction of the minors victimized . . . have been identified." The court emphasized Pierce's role as a teacher and coach, concluding it "allowed him access to a large number of children" and his "position of trust allowed him the opportunity to know when a particular student would be vulnerable . . . and also lowered the parents' defenses."[1] These extraordinary facts, the court determined, would have warranted an upward variance even if it had granted Pierce's objections regarding the sentence's length.

---

[1] The district court drew the conclusion that Pierce generally abused a position of trust pursuant to its § 3553(a) analysis and not as a specific determination under U.S.S.G. § 3B1.3.

### III.    Analysis

"This court reviews the substantive reasonableness of a district court's sentence for abuse of discretion, giving substantial deference to the district court's application of § 3553(a) factors to the facts of the case." *United States v. Maldonado-Passage*, 56 F.4th 830, 842 (10th Cir. 2022). "A district court abuses its sentencing discretion only if the sentence exceeded the bounds of permissible choice; [w]e will reverse only if the sentence imposed was arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Barnes*, 890 F.3d 910, 915 (10th Cir. 2018) (quotations omitted). Sentences that fall within the advisory guideline range are entitled to a presumption of reasonableness. *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). This presumption may be rebutted "by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." *Id*.

Pierce argues his sentence is substantively unreasonable because the district court overemphasized his position as a teacher and coach in characterizing his case as exceptional. *See* 18 U.S.C. § 3553(a)(1); (a)(2)(a). Specifically, he contends he did not actively leverage his position of trust because he posed as an unaffiliated teenage girl online. Thus, Pierce asserts his case represented unexceptional, remote exploitation from an online persona. We disagree. Although limited to a handful of victims, the record includes multiple instances in which Pierce appeared to use his knowledge of personal vulnerabilities to target children for solicitation. In turn, at least one parent reported feeling like Pierce had deliberately betrayed her sense of

6

trust. *See generally Kirkland v. St. Vrain Valley Sch. Dist. No. Re-1J*, 464 F.3d 1182, 1194 (10th Cir. 2006) (noting the inherent public trust in public school teachers).

Far more substantially, however, Pierce's role as a teacher and coach gave him especial access to large numbers of juvenile victims. He both produced exploitative images during school hours and regularly contacted students he personally knew. As a result, Pierce crafted a social media following that convincingly presented as a peer to teens in his greater community. He replicated his scheme with scores of local students over the course of several years and often resorted to extortionate tactics to ensure his victims' compliance. Despite Pierce's contention that any person could have duplicated his conduct, the use of his workplace to launch and maintain his abusive scheme closely ties his behavior to his profession. Given the sheer scale of Pierce's operation, this court fails to identify the district court's emphasis on his job as arbitrary or capricious. *See United States v. Blair*, 933 F.3d 1271, 1274 (10th Cir. 2019).

Pierce also attempts to draw a sentencing disparity between his circumstances and other child pornography production cases. He notes that average sentences for offenders who are teachers, rather than family members; who abuse teenagers, rather than younger children; and who produce material virtually, rather than physically touching victims, are typically lighter than the sentence issued here. Pierce, however, entirely fails to support his argument with any analogous caselaw and "bare national statistics" generally are unhelpful without being placed in "meaningful context" with similarly situated defendants. *United States v. Garcia*, 946 F.3d 1191, 1215 (10th Cir.

2020) (quotation omitted). Pierce also does not offer other § 3553(a) sentencing factors that demonstrate the district court's analysis was unreasonable. Rather, he requests we merely reevaluate the district court's emphasis on the nature, circumstances, and seriousness of the offense. Importantly, "[w]e do not reweigh the sentencing factors but instead ask whether the sentence fell within the range of rationally available choices that facts and the law at issue can fairly support." *Blair*, 933 F.3d at 1274 (quotation and citation omitted). The district court appropriately evaluated the § 3553(a) factors in making the determination that this was an exceptional case deserving of a substantial punishment. Given the scope of the conduct, this conclusion fell within the range of rationally available choices and Pierce has failed to offer authority to overcome the strong presumption of reasonableness afforded to within-guidelines sentences. *Kristl*, 437 F.3d at 1055.

## IV.    Conclusion

The sentence entered by the United States District Court for the District of Kansas is hereby **affirmed**.

Entered for the Court

Michael R. Murphy
Circuit Judge