**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**September 19, 2024**

———————————————————

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LUCAS WHITMORE, a/k/a Lucas
Whitemore,

    Defendant - Appellant.

No. 23-6208
(D.C. No. 5:23-CR-00204-R-1)
(W.D. Okla.)

———————————————————

## ORDER AND JUDGMENT[*]
———————————————————

Before **HARTZ**, **KELLY**, and **EID**, Circuit Judges.

———————————————————

Lucas Whitmore appeals his 60-month sentence imposed in his conviction for

being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm.

## I.    Background

In a span of approximately four months, Mr. Whitmore was arrested three

times while illegally possessing a firearm.  During a traffic stop in October 2022, he

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

appeared to be intoxicated and an inventory search of his car discovered a loaded pistol.  In December 2022, a witness reported that Mr. Whitmore had fired multiple rounds into the ground during an argument with a woman.  Officers recovered four spent shell casings at that scene.  A short time later, when officers stopped him, Mr. Whitmore once again appeared to be intoxicated.  Officers found another loaded pistol in his car, which was later matched to the four recovered shell casings.  In February 2023, citizens reported a vehicle speeding down the wrong side of the highway.  That vehicle eventually crashed.  When officers arrived at the scene, they found Mr. Whitmore attempting to hide just off the roadway.  He once again appeared to be intoxicated.  Although Mr. Whitmore claimed he had not been driving, the keys to the crashed vehicle were in his pocket.  A search of his vehicle uncovered a third loaded pistol and a loaded magazine.

Mr. Whitmore was charged in federal court with being a felon in possession of a firearm based on the December 2022 incident.[1]  He pleaded guilty.  A probation officer prepared a presentence report (PSR) that calculated Mr. Whitmore's total offense level as 19 and his criminal history score as 6, placing him in criminal history category III.  His previous convictions included kidnapping, racketeering involving violent acts, and conspiracy to distribute a controlled substance.  The PSR also noted that, while on federal supervised release in 2018, 2019, and 2020, Mr. Whitmore was subject to eight violation reports, including for drug use.

---

[1] The State of Oklahoma also charged Mr. Whitmore with possessing the firearms and driving under the influence of alcohol.

2

The PSR calculated Mr. Whitmore's guideline sentencing range as 37 to 46 months' imprisonment. But it noted that the district court may wish to vary upward from that range, citing the following: (1) Mr. Whitmore's reckless discharge of a firearm during the offense, which was not accounted for in the guidelines calculation, and (2) an adequate reflection of the need to protect the public from further criminal conduct by Mr. Whitmore and to deter him from future criminal activity. The PSR cited United States Sentencing Commission statistics indicating that firearms offenders with Mr. Whitmore's criminal history category and in his age group have a recidivism rate above 60%[2] and that he had possessed a firearm on three separate occasions between October 2022 and February 2023.

Mr. Whitmore filed a sentencing memorandum and objected to an upward variance as proposed in the PSR. At the sentencing hearing, defense counsel acknowledged the district court may be concerned by Mr. Whitmore's discharge of a firearm and his multiple DUI offenses, but he asked the court to impose a sentence within the guidelines range. Defense counsel explained that Mr. Whitmore possessed firearms out of a concern for his safety and asserted that he had endangered no one by firing the gun. He also noted Mr. Whitmore's rough upbringing, his supportive family, his intervals of productive, law-abiding conduct, and his post-release business plans. Defense counsel indicated that Mr. Whitmore was open to treatment for his

---

[2] The PSR stated that firearms offenders with a criminal history category of III, like Mr. Whitmore, have a 69.6% recidivism rate, and those who are between the ages of 40 and 49 years upon release have a 64% recidivism rate. Mr. Whitmore was 45 at the time the PSR was prepared.

excessive drinking and urged that an above-guidelines sentence was not necessary in light of Mr. Whitmore's past conduct and contributions, his quick acceptance of responsibility in this case, and the conditions that would be imposed during his supervised release.

Mr. Whitmore apologized for his bad decisions, explained why he feared for his safety, indicated he wanted to set a better example for his children, and asked the court for leniency. In response to the district court's inquiry, he stated that he had obtained the three guns from people he knew.

The government acknowledged Mr. Whitmore's concern for his safety but asked the district court to sentence him at the top of the guidelines range given the combination of his drinking, repeated possession of firearms, and discharge of a firearm.

The district court adopted the PSR without change. Varying upward from the guidelines sentencing range, the court sentenced Mr. Whitmore to 60 months' imprisonment. The court stated it had considered the PSR, Mr. Whitmore's sentencing memorandum, and his and the government's statements at the sentencing hearing. It explained the sentence as follows:

> I've gone back and reviewed your history from the docket sheet.
>
> You know, this is a sad case because . . . you are intelligent. You're hard-working.
>
> You . . . didn't have a lot of breaks going on. Obviously, you were raised in an environment that was . . . not good, but your history is one of . . . drugs and violence and alcohol.

> And . . . these latest incidents -- it's just fortunate that nobody was . . . killed or badly injured. They . . . weren't, but they very easily could have been.
>
> And, when I consider the sentencing factors set forth in 18 U.S. Code 3553, I agree with the probation office that a variance upward is appropriate just for the protection of society, to make sure that nobody is injured.
>
> And, hopefully, when you get out, you can go back and be a productive member of society and get a job and . . . take care of your family, but right now I just think it's too dangerous.

R., Vol. 3 at 37-38. In the written statement of reasons for the sentence, the district court checked the box for protection of the public from further crimes of the defendant, 18 U.S.C. § 3553(a)(2)(C), as the reason for the variance and further stated that it had considered Mr. Whitmore's "criminal history and the nature and circumstances of the offense." R., Vol. 2 at 44.

Mr. Whitmore appeals, arguing his 60-month sentence is substantively unreasonable.

## II.     Discussion

### A.     Standard of Review and Legal Background

We review the district court's decision to impose a variant sentence for an abuse of discretion. *See United States v. Smart*, 518 F.3d 800, 802 (10th Cir. 2008); *see id.* at 806 ("[W]e now review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." (internal quotation marks omitted)). Because of the district courts' "institutional experience of imposing large numbers of sentences," "our standard of review must . . . giv[e] both formal and practical deference to the sentencing court's

5

assessment of the facts under § 3553(a)." *Id.* at 807.  A sentencing court abuses its discretion if "the sentence is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Durham*, 902 F.3d 1180, 1236 (10th Cir. 2018) (internal quotation marks omitted).  But "we will defer to the district court's judgment so long as it falls within the realm of rationally available choices." *Id.* (ellipsis and internal quotation marks omitted).

In imposing a sentence, the district court "shall consider" the factors listed in § 3553(a).  18 U.S.C. § 3553(a).  The statutory factors address:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for a sentence to reflect the basic aims of sentencing, namely (a) just punishment (retribution), (b) deterrence, (c) incapacitation, and (d) rehabilitation; (3) the kinds of sentences available; (4) the Sentencing Commission Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need for restitution.

*United States v. Cookson*, 922 F.3d 1079, 1092 (10th Cir. 2019) (citation and internal quotation marks omitted).  A court may impose any sentence that is reasonable under these seven factors.  *Smart*, 518 F.3d at 803.  On appeal, our reasonableness review includes "a substantive component, which relates to the length of the resulting sentence." *Id.*[3]  "[W]e focus on whether the length of the sentence is reasonable given all the circumstances of the case in light of the [§ 3553(a)] factors." *Cookson*, 922 F.3d at 1091 (internal quotation marks omitted).  The district court must provide

---

[3] We may also review a sentence for procedural error—"the method by which a sentence was calculated"—such as failing to adequately explain a sentence or failing to consider the statutory sentencing factors.  *Smart*, 518 F.3d at 803. Mr. Whitmore does not raise procedural error on appeal.

6

sufficient reasoning to support a variance. *Smart*, 518 F.3d at 807. And while the degree of a variance is relevant to our analysis, a variance need not be based on extraordinary facts. *Id.* Moreover, our disagreement with the district court's weighing of the facts will not support an abuse-of-discretion holding. *Id.* at 808.

### B.    Mr. Whitmore's Contentions

Mr. Whitmore argues his 60-month above-guidelines sentence, which he asserts includes a significant variance, is substantively unreasonable because the district court relied on a single sentencing factor—the protection of the public from further crimes by Mr. Whitmore, *see* § 3553(a)(2)(C)—while downplaying and failing to give the proper weight and consideration to the mitigating factors raised by defense counsel. We disagree that the district court relied on a single sentencing factor. We also do not read the court's decision as downplaying mitigating factors rather than weighing them against other factors.

The court began its explanation of the sentence by stating it had considered the PSR, Mr. Whitmore's sentencing memorandum, and the parties' statements at the sentencing hearing.[4] It indicated it had also reviewed Mr. Whitmore's criminal history.[5] The court then discussed both positive and negative aspects of

---

[4] The district court confirmed during the sentencing hearing that it had read and understood the portion of Mr. Whitmore's sentencing memorandum explaining why he was concerned about his safety.

[5] As noted, that history included convictions for kidnapping, racketeering involving violent acts, and conspiracy to distribute a controlled substance, as well as numerous violations of conditions of his federal supervised release between 2018 and 2020.

Mr. Whitmore's history and characteristics. *See* § 3553(a)(1). It noted his difficult childhood and that he is both intelligent and hardworking. The court found these positive equities made the case sad because Mr. Whitmore's history of drugs, violence, and alcohol weighed against them. Turning to the circumstances of the offense and its seriousness, *see* § 3553(a)(1), (a)(2)(A), the court concluded that Mr. Whitmore could have killed or badly injured someone and commented that it was fortunate no one had been hurt. Then the district court addressed the need for the sentence imposed to afford adequate deterrence and to protect the public from further crimes by Mr. Whitmore. *See* § 3553(a)(2)(B), (C).[6] The court agreed with the PSR's analysis of these issues, which discussed Mr. Whitmore's reckless discharge of a firearm, his possession of a firearm on three separate occasions during a short time period,[7] and recidivism statistics for firearms offenders in Mr. Whitmore's criminal history and age categories. Finally, in the written statement of reasons, the district court referenced protection of the public from further crimes, Mr. Whitmore's criminal history, and the nature and circumstances of the offense as the bases for the variance. *See* § 3553(a)(1), (a)(2)(C).

Thus, we agree with the government that Mr. Whitmore's characterization of the district court's sentencing justification as based entirely on one sentencing factor

---

[6] The deterrence factor in § 3553(a)(2)(B) includes the need to deter the defendant from future crimes. *See United States v. Walker*, 844 F.3d 1253, 1257 (10th Cir. 2017).

[7] Earlier in the sentencing hearing, the district court asked Mr. Whitmore how he was able to obtain three different firearms in four months.

is too narrow.  We therefore reject his contention that his 60-month sentence is unreasonable because the court excessively relied on a single sentencing factor.  *See Cookson*, 922 F.3d at 1093 (stating "we have cautioned against excessive reliance on a single factor in sentencing").  To be sure, the district court ultimately gave considerable weight to protection of the public from further crimes by Mr. Whitmore.  But it is also clear that other factors contributed to the court's assessment of the danger he posed.  And it had discretion to determine the weight assigned to different factors.  *See id.* at 1094; *see also United States v. DeRusse*, 859 F.3d 1232, 1238 (10th Cir. 2017) (rejecting contention "that the district court went outside the wide range of rationally permissible choices available at sentencing when it decided to give substantial weight to [a particular] factor in its determination of an appropriate sentence").  We must defer to that determination, and we cannot accept Mr. Whitmore's invitation to reweigh the statutory factors based on his assertion that the court failed to give the proper weight to mitigating factors.  *See United States v. Ware*, 93 F.4th 1175, 1181 (10th Cir. 2024); *see also United States v. Barnes*, 890 F.3d 910, 916 (10th Cir. 2018) ("[N]o algorithm exists that instructs the district judge how to combine the factors or what weight to put on each one.").

Mr. Whitmore asserts that the district court failed to articulate how an above-guidelines sentence was not greater than necessary in light of other alternatives to combat his alcohol abuse.  He faults the court for not discussing (1) substance abuse classes and driver's license and vehicle-use restrictions that may be imposed by the State of Oklahoma, (2) alcohol monitoring and testing as

9

conditions of supervised release, and (3) his amenability to alcohol-abuse treatment. We see no abuse of discretion. Whether the State of Oklahoma would, in fact, impose the cited restrictions and mandatory classes was speculative. And the district court's recidivism concerns, as described in the PSR and adopted by the court, extended beyond Mr. Whitmore's alcohol abuse to his statistical likelihood, as a firearms offender, to reoffend based on his age and his criminal history category.

Nor are we persuaded that the extent of the variance—13 months above the high end of the guidelines range—is unreasonable given the totality of the circumstances in this case. "[T]he Guidelines range will always appear more extreme—in percentage terms—when the range itself is low." *Gall v. United States*, 552 U.S. 38, 48 (2007). "[W]e uphold even substantial variances when the district court properly weighs the § 3553(a) factors and offers valid reasons for the chosen sentence." *Barnes*, 890 F.3d at 916 (affirming downward variances in co-defendants' sentences from a guidelines range of 70 to 87 months to 24 months and 12 months, *id.* at 914-15). And "we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 917 (internal quotation marks omitted). The district court expressed concern regarding Mr. Whitmore's violent criminal history and the seriousness of his offense conduct. That conduct included illegal firearms possession, alcohol abuse, and reckless driving. After his first arrest for possessing a firearm, he possessed a second firearm and discharged it four times during a confrontation. Still undeterred after his second arrest for illegal gun possession, he possessed yet another firearm while driving

10

intoxicated on the wrong side of the highway and crashed his car. At sentencing, defense counsel candidly acknowledged that the district court could legitimately be concerned about Mr. Whitmore's offense conduct. Combined with the high rate of recidivism for firearms offenders in Mr. Whitmore's age and criminal history categories, we cannot say that the district court's decision to vary upward and impose a five-year sentence in this case was unreasonable "given all the circumstances of the case in light of the [§ 3553(a)] factors," *Cookson*, 922 F.3d at 1091 (internal quotation marks omitted).

Finally, we decline to conclude that the district court's explanation of Mr. Whitmore's sentence was so inadequate that his sentence is substantively unreasonable. "[T]he content of the district court's explanation is relevant to whether the length of the sentence is substantively reasonable." *Barnes*, 890 F.3d at 917. "[W]e rely on the district court's procedurally-required explanation in order to conduct meaningful appellate review of a sentence's substantive reasonableness." *Cookson*, 922 F.3d at 1091 (internal quotation marks omitted). Although the district court's explanation of Mr. Whitmore's sentence was relatively brief, it was sufficient for this court to conduct meaningful appellate review.

## III.    Conclusion

We affirm the district court's judgment.  We grant the alternative relief requested in Mr. Whitmore's motion to seal seeking a decision in this appeal that does not disclose matters that should not be available to the public.

Entered for the Court


Allison H. Eid
Circuit Judge