FILED
United States Court of Appeals
Tenth Circuit

February 27, 2025

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

REYES LUIS HOLGUIN,

    Defendant - Appellant.

No. 24-6120
(D.C. No. 5:23-CR-00464-J-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **MORITZ**, **EID**, and **FEDERICO**, Circuit Judges.

_____

After Reyes Holguin pleaded guilty to assault on a federal officer or employee involving physical contact, the district court varied upward from his advisory sentencing range under the United States Sentencing Guidelines (U.S.S.G. or the Guidelines), and sentenced him to 48 months in prison. Holguin appeals, arguing that his sentence is substantively unreasonable. Although Holguin's sentence is 18 months higher than the top end of his Guidelines range of 24 to 30 months, the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court justified its decision to vary upward by considering the 18 U.S.C. § 3553(a) sentencing factors. Finding no abuse of discretion in the district court's balancing of those factors, we affirm.

## Background

Holguin was serving a 120-month sentence for distribution of fentanyl when he assaulted a federal correctional officer. He contends in his appellate brief that "[t]he facts that support the offense are not in dispute." Aplt. Br. at 2. And in his sentencing memorandum, he explained that "[t]he specific details of the commission of the offense are addressed in the [Presentence Investigation Report (PSR)]." R. vol. 2 at 42 (citing PSR ¶ 7). We therefore summarize the facts of the offense from paragraph 7 of the PSR.

While at the Federal Transfer Center, Holguin entered the office of a correctional officer. Holguin walked behind the desk where the officer was sitting. The officer told Holguin to leave, and Holguin refused. Instead, Holguin ran back to the door, slammed it shut, and told the officer that the officer would not be leaving. When the officer attempted to exit the office, Holguin charged him and pinned him against the wall. The officer retrieved his baton and ordered Holguin to stand down, but Holguin lunged at him with a closed fist. The officer subsequently struck Holguin on the right arm and right calf muscle with a baton.

After Holguin still refused to comply, the officer struck Holguin two more times on his right calf, and he began complying with the officer's orders. Additional staff arrived, and Holguin was escorted to the solitary housing unit (SHU).

2

Holguin later pleaded guilty to assaulting a federal officer or employee with physical contact. The PSR calculated an advisory Guidelines range of 24 to 30 months. Pursuant to U.S.S.G. § 5G1.3(a),[1] the PSR also recommended that the sentence imposed run consecutive to the sentence Holguin was serving at the time he committed this offense.

Holguin did not object to the PSR, but he filed a sentencing memorandum in which he requested a sentence of 24 months, at the low end of the Guidelines range, and to have that sentence run concurrent to the one he was currently serving. He primarily argued that his adverse childhood experiences justified a lower sentence.

At sentencing, Holguin reiterated his request for a sentence within the Guidelines range that would run concurrent with his current sentence. He also explained that his original intent when he went to see the correctional officer was to ask for help in getting placed in protective custody or a dropout yard and that he had no intent to harm anybody. Defense counsel suggested Holguin made the decision to assault the officer to ensure he would get placed in the SHU. Counsel for the government accepted defense counsel's explanation about Holguin's intent, explaining his belief that Holguin's intent was primarily to get a change in placement, and that assaulting the officer was a means to that end. The government

---

[1] Section 5G1.3(a) provides: "If the instant offense was committed while the defendant was serving a term of imprisonment . . . , the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment."

agreed Holguin should receive a within-Guidelines sentence but argued that sentence should run consecutive to his current sentence. The government also mentioned twice that it would be "very reasonable" for the court to vary upward. *Id.* at 24, 27.

The district court indicated its initial inclination was to sentence Holguin to the statutory maximum, which was 8 years, in part because Holguin had a prior conviction for assault on an officer.[2] The district court emphasized the seriousness of the nature and circumstances of the offense, and the need for deterrence. Ultimately, the district court considered the mitigating factors, including the hardships Holguin endured as a child, in deciding not to impose a statutory-maximum sentence. But because this was not Holguin's first offense of this nature and to ensure adequate deterrence and respect for the law, the district court determined after considering all the § 3553(a) factors that an above-Guidelines sentence was appropriate. The court sentenced Holguin to 48 months' imprisonment to be served consecutive to the undischarged term of imprisonment from his drug-trafficking conviction, plus three years of supervised release.

Holguin appeals.

### Analysis

Holguin argues that his sentence is substantively unreasonable. We "review all sentences—whether inside, just outside, or significantly outside the Guidelines

---

[2] In 2017, Holguin pleaded guilty in state court to aggravated assault. According to the Indictment, Holguin knowingly touched the victim with the intent to injure, insult, or provoke the victim. Holguin was detained at the Maricopa County Jail at the time, and the victim was an employee acting in his official capacity.

range—under a deferential abuse-of-discretion standard." *United States v. Smart*, 518 F.3d 800, 806 (10th Cir. 2008) (internal quotation marks omitted).  When the district court varies from a Guidelines sentence, "[w]e may not examine the weight a district court assigns to various § 3553(a) factors, and its ultimate assessment of the balance between them, as a legal conclusion to be reviewed de novo." *Id.* at 808. Instead, we must defer "to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* (internal quotation marks omitted). "We will find an abuse of discretion only if the sentence exceeded the bounds of permissible choice; that is, a defendant must show that the sentence was arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Garcia*, 946 F.3d 1191, 1211 (10th Cir. 2020) (citations and internal quotation marks omitted).

Holguin first contends the district court failed to consider the impact of his "institutionalization beginning as early [as] thirteen years old" and "his need for safety being the primary driver of his behavior." Aplt. Br. at 11.  He also asserts "[t]he court's sentence seemed based entirely on the fact that [he] had one prior, similar conviction that did not note any unusual or extreme circumstances." *Id.*  And he further asserts "the district court failed to address or imply that the guideline calculation did not fairly consider the prior offense of assaulting an officer while in custody." *Id.* at 12.

The government responds that Holguin's "argument that the district court did not consider his mitigation is refuted by the record." Aplee. Br. at 15.  It explains

that at multiple points prior to imposing the sentence, the district court indicated its inclination to impose the statutory maximum of 8 years (96 months). *See id.* (citing R. vol. 3 at 32, 36, 38). But then the court imposed a sentence of 48 months, which the government notes is a 50% reduction from the court's initial inclination to impose the statutory maximum. The government therefore argues the district court did consider the mitigating factors.

We agree with the government. The record reflects the district court acknowledged Holguin had been involved in criminal activity from the age of 13 and had spent a "considerable amount of time of his adult life incarcerated." R. vol. 3 at 30. And the court stated "[i]t's really, really sad that [Holguin] has had to endure this level of hardship." *Id.* The court also stated it initially wanted to impose the statutory maximum sentence, but then explained it was the "mitigating factors that . . . really precluded [the court] from reaching the statutory maximum." *Id.* at 32; *id.* at 36 ("So I'm not going to do what I initially was going to do . . . because of those mitigating factors, I cannot sentence you to the maximum, as I would be so inclined in this circumstance . . . ."). And the court explicitly stated it had "given tremendous weight to the various mitigating factors." *Id*. at 37. The court then proceeded to describe a few of those mitigating factors: "lack of parental guidance, gang associations, drugs, lack of education, mental health struggles, and unemployment." *Id.*

As for Holguin's argument about the district court relying too heavily on his prior assault conviction when it was already factored into the Guidelines calculation,

we have explained that "district courts have broad discretion to consider particular facts in fashioning a sentence under 18 U.S.C. § 3553(a), even when those facts are already accounted for in the advisory guidelines range," *United States v. Barnes*, 890 F.3d 910, 921 (10th Cir. 2018) (internal quotation marks and brackets omitted). The government argues "[w]hat the district court did here was not any form of double counting"; instead, "[a]ll the district court did was assign relevance to the fact that [Holguin] had previously committed the same offense as the one which brought him before the court." Aplee. Br. at 17. We agree. The district court was permitted to consider the fact Holguin committed a prior similar offense as part of fashioning his sentence under § 3553(a).

Holguin has failed to persuade us the district court abused its discretion in sentencing him. "[T]here will be a range of possible outcomes the facts and law at issue can fairly support; rather than pick and choose among them . . . , we will defer to the district court's judgment so long as it falls within the realm of these rationally available choices." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007). "And there are perhaps few arenas where the range of rationally permissible choices is as large as it is at sentencing . . . ." *Id.*

The district court supported its sentencing decision through its consideration and balancing of the § 3553(a) factors. It considered "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), as well as "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the

7

offense," and "to afford adequate deterrence to criminal conduct," § 3553(a)(2)(A)-(B). In discussing the nature and circumstances of the offense, the district court noted how the corrections officer was "simply doing his job," R. vol. 3 at 27, and Holguin's refusal to leave the office and then assault the officer "was very brazen," *id.* at 26. Regarding deterrence, the court expressed that "it's not just about deterring this particular defendant, but it's about general deterrence as well" because "[i]nmates ought to know that this is unacceptable and that, certainly, this Court won't tolerate it." *Id.* at 27. The court also expressed concern that "this is not the first time that something like this has happened." *Id.* at 32. But the court also acknowledged the mitigating factors, which included the abuse Holguin suffered as a child, his lack of a support system, and the fact he's been in custody most of his life. And because of the mitigating factors, the court declined to impose the statutory maximum, which had been its initial inclination. As the court explained:

> [G]iven the egregious nature of your crime, a crime that was committed while serving a period of incarceration, your repetitive history of violent conduct, and the fact that this is your second conviction for assaulting a correctional officer, my inclination is to sentence you to the statutory maximum, as I previously shared. But doing so ignores the various mitigating factors and the need to not only impose a sentence that is sufficient but not greater than necessary.

*Id.* at 38. Although the court decided the statutory maximum was not appropriate, after balancing the § 3553(a) factors, it determined an above-Guidelines sentence was warranted. In imposing the sentence, it explained "[s]uch a sentence will hopefully deter you and others from further engagement in this type of criminal activity, protect the public, and instill in you greater respect for the law." *Id.* at 38-39. Given the district

8

court's discussion of the § 3553(a) factors and its reasonable explanation for its upward variance, we conclude that the sentence it imposed did not exceed the bounds of permissible choice.

### Conclusion

Because the district court did not abuse its discretion in imposing a 48-month sentence for Holguin's conviction for assaulting a corrections officer, we affirm.

Entered for the Court


Nancy L. Moritz
Circuit Judge